**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>   **PLAINTIFF,** | )<br>)<br>) |
| v. | ) CIVIL NO.  4:11-cv-587<br>) |
| **MAYFORD KENNETH DAVIS, Jr.**<br>   **DEFENDANT.** | )<br>)<br>) |

**ORIGINAL COMPLAINT**

Plaintiff, the United States of America, for its Original Complaint, which is commenced pursuant to § 7401 of the Internal Revenue Code, at the direction of the Attorney General of the United States, and with the authorization and at the request of Chief Counsel, Internal Revenue Service, a delegate of the Secretary of the Treasury, alleges as follows:

**I.**

**NATURE OF SUIT**

1.      This is an action by the United States to declare that four UCC Financing Statements and one UCC Financing Statement Amendment (collectively the "Statements") were filed without the consent of the named debtors and that the Statements are fraudulent, null, void and of no effect.  The Statements were filed by defendant and identified a former and a current United States employees as debtors.  Neither of the employees consented to the filing of the Statements.  Neither of the employees has owed Defendant money nor had judgments entered against them and in favor of Defendant.  Neither of the employees had any connection with the Defendant except in their official capacity dealing with Defendant's existing or potential tax liabilities.  The Statements were filed to harass the employees of the United States for performing their official job.  The United States is also asking the court to order Defendant to

disclose any other UCC Financing Statement or UCC Financing Statement Amendment or other document purporting to create, or give notice of, a security interest or claim against former or current United States employees and to enjoin the defendant from continuing to file similar statements or documents.

## II.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340, 1345, and 1357 and 26 U.S.C. § 7402.  Venue is proper in this Court under 28 U.S.C. § 1391.

## III.

## PARTIES

3.     **Plaintiff** is the **United States of America.**

4.     **Defendant Mayford Kenneth Davis, Jr.** ("Davis") is, on information and belief, a resident of the Northern District of Texas and resides at 216 Camelot Drive, Weatherford, Texas  76086.   The UCC Financing Statements filed in April 2010, identified 216 Camelot Drive, Weatherford, Texas 76086 as Davis' address.

## IV.

## BACKGROUND AND FACTS

*Financing Statements filed against Patrick Ellsworth - Washington and Iowa*

5.     On February 18, 2010, the defendant Davis caused to be recorded in the public records of the Washington Secretary of State, a document entitled "UCC FINANCING

STATEMENT," a copy of which is attached as Government Exhibit 1.[1] The document named Patrick G. Ellsworth ("Ellsworth) as Debtor and Davis as the secured party. This UCC Financing Statement was issued a file number of 2010-049-3687-0 and will be referred to as **"UCC 1."**

6.  Ten minutes later, on February 18, 2010, the defendant Davis caused to be recorded in the public records of the Washington Secretary of State, a document entitled "UCC FINANCING STATEMENT AMENDMENT," a copy of which is attached as Government Exhibit 2. The document purports to assign the security interest identified in **UCC 1** from Davis to Ellsworth. This UCC Financing Statement was issued a file number of 2010-049-3695-5 and will be referred to as **"UCC 2."**

7.  On or about April 26, 2010, the defendant Davis caused to be recorded in the public records of the Iowa Secretary of State, a document entitled "UCC FINANCING STATEMENT," a copy of which is attached as Government Exhibit 3. The document named Ellsworth as Debtor and Davis as the secured party. This UCC Financing Statement was issued a file number of P-10003279-0 and will be referred to as **"UCC 3."**

8.  Ellsworth, at all relevant times was employed as a Revenue Officer of the United States Department of the Treasury, Internal Revenue Service, and at all pertinent times had his primary duty station in Nebraska but resided in Iowa. Ellsworth was a Revenue Officer and worked on collecting Davis' delinquent tax accounts. Ellsworth had no involvement with Davis except as a Revenue Officer with the United States Internal Revenue Service. Ellsworth has

---

[1] All exhibits attached to the complaint have been redacted to hide home addresses, tax identification numbers and other personal information.

never consented to a financial statement nor granted a security interest in favor of Davis. No judgment has ever been entered against Ellsworth and in favor of Davis.

*UCC Financing Statement Filed Against Dennis L. Parizek - Utah*

9.  On or about April 26, 2010, the defendant Davis caused to be recorded in the public records of the Utah Secretary of State, a document entitled "UCC FINANCING STATEMENT," a copy of which is attached as Government Exhibit 4, against Dennis Lerom Parizek (Parizek). The UCC Financing Statement named Parizek as Debtor and Davis as the secured party. This UCC Financing Statement was issued a file number of 378915201042 and will be referred to as **"UCC 4."**

10. Parizek was at all relevant times prior to his retirement in 2009 employed as a manager with the United States Department of the Treasury, Internal Revenue Service, and at all pertinent times worked and resided in Utah. He retired from the Internal Revenue Service in 2009. Parizek had no involvement with Davis except as a manager with the Internal Revenue Service. Parizek has never consented to a financial statement nor granted a security interest in favor of Davis. No judgment has ever been entered against Parizek and in favor of Davis.

11. The UCC Financing Statements and the UCC Financing Statement Amendment identified above and attached as Exhibits 1 through 4, will collectively be referred to as the "Statements."

*Notice of Claim of Maritime Lien*

12.     Filed with the Statements filed in Iowa and Utah were documents entitled "Notice of Maritime Lien" ("Maritime Lien Notice.")  A copy of the Maritime Lien Notice filed in Iowa is attached as Government Exhibit 5.  The Maritime Lien Notice, Government Exhibit 5, states the name of the vessel as "U.S. M/V Dennis Lerom Parizek" and the owner to be "Ray Lahood, US Transportation."   Ray LaHood is the name of the United States Secretary of Transportation. The Maritime Lien Notice, Government Exhibit 5, states the claimant is Davis, the vessel is "mortgaged or mortgage assigned 100%" and the amount covered is "$249,629,000.00 plus interest, penalties, and all fees."

13.     A copy of the Maritime Lien Notice filed in Utah is attached as Government Exhibit 6.  The only difference between it and the Notice of Claim of Maritime Lien filed in Iowa is that Ellsworth is named as the "vessel."

14.     Neither Parizek or Ellsworth ever consented to a Maritime Lien Notice.

15.     The Financing Statements and Maritime Line Notices were filed by defendant Davis against Ellsworth and Parizek in retaliation for acts performed by them as part of their official IRS duties, under their authority as an IRS officer, and/or under the direction of officers of the United States of America.

16.     Neither Mr. Ellsworth nor Mr. Parezek approved or agreed to the Financing Statements or Maritime Lien Notices.

17.     Davis filed the documents as part of his "tax protest" activities, specifically to intimidate and/or harass federal employees, and generally to interfere with the administration and enforcement of the federal tax laws, as part of Davis' anti-Government campaign.

V.

**THE FINANCING STATEMENTS AND MARITIME LIEN NOTICES ARE VOID**

18. Neither Ellsworth or Parezek, or their representatives consented to the Statements or maritime Lien Notices.

19. Judgments do not exist against Ellsworth or Parezek in favor of Davis.

20. Security interests do not exist against any property or interest in property of Ellsworth or Parezek in favor of Davis.

21. The Statements and Maritime Lien Notices are fraudulent, null, void and of no affect.

PRAYER .

WHEREFORE, the United States requests the Court to:

1. Determine that the Statements and Maritime Lien Notices were filed without the consent of Ellsworth or Parizek; that no judgment has been entered against Ellsworth or Parizek in favor of Davis; and that the Statements and Maritime Lien Notices are null, void, and of no effect.

2. Order Davis to disclose any documents he filed or were filed on his behalf, against current or former employees of the United States claiming or noticing that a security interest of any type exists against the property or interest in property of current of former employees of the United States and in favor of Davis;

3. Determining that if such documents were filed, they were filed without the consent of the former or current employees; that no judgment has been entered against former or current employees in favor of Davis; and that such documents are null, void, and of no effect.

4. Enter a permanent injunction prohibiting Davis from filing notices of liens or notices of security interest of any kind, against current or former federal employees;

5. Award other appropriate relief.

JAMES T. JACK
United States Attorney


/s/ Joseph A. Pitzinger, III
JOSEPH A. PITZINGER, III
Attorney, Tax Division
State Bar No. 16055800
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9728
(214) 880-9742 (FAX)
Joseph.A.Pitzinger@USDOJ.gov

ATTORNEYS FOR THE UNITED STATES